# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

MICHAEL DARNELL OLIVER       *
(AIS: 207467),               *
                             *
    Plaintiff,              *
                             *
vs.                          *   CIVIL ACTION NO.13-00263-KD-B
                             *
BENNIE ASHBY, *et al.*,      *
                             *
    Defendants.             *

## REPORT AND RECOMMENDATION

Plaintiff Michael Darnell Oliver, an Alabama inmate who is proceeding *pro se*, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), along with a motion to proceed without prepayment of fees (Doc. 2). Oliver's motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that Oliver's motion be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

> appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Eleventh Circuit Court of Appeals has interpreted this statute to mean that a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates his lawsuit. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324, (11th Cir. 2001). To avoid § 1915(g)'s bar, a prisoner who has had three or more cases dismissed as meritless must establish that he was "under imminent danger of serious physical injury" at the time he filed his complaint. Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)).

In determining whether a prisoner was under imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d. at 1350; Medberry, 185 F.3d at 1193 (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

The Court has taken judicial notice of its records, which reveal that Oliver has filed several cases that have been dismissed as frivolous or for failure to state a claim upon which relief could be granted, namely: Oliver v. Dept. of Corrections, Case No. 2:02-cv-01179-MHT-SRW (Middle District of Alabama); Oliver v. Morgan, Case No. 4:03-cv-01355-RBP (Northern District of Alabama); Oliver v. Montgomery County Detention Facility, Case No. 2:02-cv-01373-MEF-SRW (Middle District of Alabama) see (docs. 9, 15); Oliver v. AL Dept. of Corrections, Case No. 4:02-cv-02421-WMA-TMP (Northern District of Alabama) see (docs. 11, 13, 23, 25; and Oliver v. Patterson, Case No. 1:11-cv-00509-WS-M (Southern District of Alabama). Thus, Oliver's current filing comes squarely within the ambit of § 1915(g), which precludes him from filing the instant action *in forma pauperis* unless he establishes that at the time he filed the instant complaint, he was "under imminent danger of serious physical injury."

In his complaint, Oliver complains of an assault that allegedly occurred on April 13, 2013, and of ten instances, between April 13th and April 30th, in which he was denied his inhaler and/or breakfast and a breakfast beverage. (Doc. 1 at 8-9). Without question, in particular circumstances, the denial of medical care may constitute an imminent threat of physical injury. See, e.g., Brown v. Johnson, 387 F.3d 1344, 1350 (11th

3

Cir. 2004) (untreated HIV/hepatitis exposed prisoner to infections and syndromes which would cause him to rapidly deteriorate and die sooner); Partin v. Harmon, 113 Fed. App'x 717 (8th Cir. 2004) (denial of treatment for tuberculosis, prostate cancer, and colon cancer caused sufficiently imminent threat of physical injury). However, in the instant case, the undersigned finds that Oliver's allegations do not reach the threshold level of imminent threat of physical injury. In his complaint, that was signed on May 2, 2013, Oliver asserts that "I had Asthma and had trouble breathing!". (Doc. 1 at 8). Oliver then asserts that between April 13th and April 29th, on ten occasions, Defendant Ashby prevented him from receiving his inhaler from the nurse at a.m. or p.m. pill call and from receiving breakfast and a breakfast beverage. Notably, Oliver does not allege nor proffer any evidence that suggests that he did not receive <u>any</u> asthma medication or food during the short approximate two-week period referenced in his complaint [1]. Further, Oliver does not allege that there was any deterioration

---

[1] According to Oliver, he was denied his inhaler at p.m. pill call on April 13th, 15th, 27th and 28th. Oliver further contends that he was denied his inhaler at a.m. pill call on April 14th, 22nd, 23rd, 24th, 28th and 29th. Taking Oliver's assertions as true, it appears that April 28th is the only day on which Oliver was denied his inhaler at both a.m. and p.m. pill call. (Doc. 1 at 8-9).

4

in his condition, or that he was suffering from any breathing problems when he signed his complaint on May 2, 2013.

"Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (holding that "the statute's use of the present tense verbs 'bring' and 'is' demonstrates, an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of filing. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan.")); see also Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made."). The Court finds that accepting Oliver's assertions as true, they are not sufficient to establish that Oliver was under "imminent danger of serious physical injury" at the time he filed this action. Simply put, the record is devoid of any facts which suggest that Oliver was suffering from breathing problems on May 2, 2013, when he filed

5

his complaint, or that during the short two week period referenced in the complaint, Oliver did not receive <u>any</u> treatment for his asthma or <u>any</u> food. Thus, there is no basis for finding that Oliver was in imminent danger of a serious physical injury at the time he filed this action. As a result, this case does not come within § 1915(g)'s exception.

As noted above, "[i]n this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." <u>Doss v. Henry</u>, 2008 U.S. Dist. LEXIS 109706 (N.D. Fla. Dec. 12, 2008); <u>Dupree</u>, 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Oliver did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be **DENIED**, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **9th** day of **December, 2013.**

　　　　　　　　　　　　　　　　　　/s/ SONJA F. BIVINS　　
　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**